**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KERRY R. HICKS, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-66-M |
| | ) | |
| THE CADLE COMPANY, | ) | |
| BUCKEYE RETIREMENT CO., LLC, | ) | |
| LTD., WILLIAM E. SHAULIS, and | ) | |
| DANIEL C. CADLE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is the Motion of Nonparties Bliss Morris, First Financial Network, Inc., and Bank of America, N.A., to Quash Subpoena and for Protective Order, filed January 19, 2006. On February 3, 2006, respondents filed their objection, and on February 13, 2006, non-parties Bliss Morris, First Financial Network, Inc., and Bank of America, N.A. ("Movants") filed their reply.

I.    Introduction

Bliss Morris ("Morris") is president and CEO of First Financial Network, Inc. ("FFN") in Oklahoma City, Oklahoma. FFN provides loan sale services for a variety of financial entities, including Bank of America, N.A. ("BOA").

An arbitration proceeding is pending before a JAMS Endispute Panel in Denver, Colorado between the above-captioned parties. The arbitration proceeding relates to a promissory note signed by claimant Kerry R. Hicks ("Hicks") that was purchased by respondent Buckeye Retirement Co., LLC, Ltd. from BOA through an auction which was administered by FFN. Morris and FFN are not parties to the arbitration. Further, the parties have conducted extensive discovery in connection with the arbitration proceeding regarding the various claims and counterclaims brought by the respective

parties.

The subpoena in question in this case was issued by this Court in connection with the arbitration proceeding and orders Morris to appear for deposition in Oklahoma City and to bring all documents, without limitation, relating to the claims in the arbitration proceeding and/or the Hicks promissory note. Movants, pursuant to Federal Rule of Civil Procedure 45(c)(3) and the Federal Arbitration Act, 9 U.S.C. §§ 1-15 ("FAA"), moves the Court to quash the subpoena.

II.     Discussion

Movants assert that the FAA does not grant arbitrators, or district courts acting in aid of arbitration, authority to issue subpoenas to non-parties for pre-hearing depositions or document production. Movants also assert that the subpoena should be quashed pursuant to Rule 45 because it mainly seeks confidential and proprietary information regarding FFN's representation of BOA. Movants further assert that the subpoena is unduly burdensome under Rule 45 because respondents have already obtained extensive discovery from BOA on the very subjects covered by the subpoena.[1]

Respondents contend that they are not attempting to seek discovery that has been previously provided by Movants in this matter. Additionally, respondents contend that they are attempting to complete the discovery in the most judicially economical fashion and in the least burdensome manner to Movants. Respondents, thus, contend that the subpoena is not unduly burdensome or inconvenient pursuant to Rule 45. Finally, respondents contend that the FAA authorizes the

---

[1]BOA produced more than six thousand pages of documents to respondents The Cadle Company and Buckeye Retirement Co., LLC, Ltd., including documents regarding the services FFN provided to BOA with respect to the Hicks promissory note. BOA also produced three employees for deposition in Denver, who testified regarding the services FFN provided to BOA with respect to the Hicks promissory note. Finally, at a four-day hearing, those same three employees again testified regarding the services FFN provided to BOA with respect to the Hicks promissory note.

issuance of subpoenas to non-parties for pre-hearing discovery if the movant can show special need, hardship, or extraordinary circumstances, which they contend they have shown in this case.

      Section 7 of the FAA provides, in pertinent part:

> The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document or paper which may be deemed material as evidence in the case. . . .

9 U.S.C. § 7.

      The majority of courts[2] that have addressed the issue before the Court have held that section 7 of the FAA does not authorize arbitrators to issue subpoenas for discovery depositions against third parties; some of these courts, however, recognize a special need or hardship exception to this rule. *See*, *e.g.*, *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 411 (3d Cir. 2004) (holding that FAA did not authorize arbitration panel to issue pre-hearing discovery subpoena and rejecting any "special needs exception" to this rule); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 271 (4th Cir. 1999) (holding FAA "does not authorize an arbitrator to subpoena third parties during prehearing discovery, absent a showing of special need or hardship"). To fall within the "special needs exception," a party, at a minimum, must demonstrate that the information it seeks is otherwise unavailable. *COMSAT*, 190 F.3d at 276. A party's "'special need' must be more than simply a general desire to conduct discovery, as [a] hallmark of arbitration – and a necessary precursor to its efficient operation – is a limited discovery process." *Gresham v. Norris*, 304 F. Supp. 2d 795, 797 (E.D. Va. 2004) (internal quotations and citation omitted).

---

[2]The Tenth Circuit has not addressed whether an arbitrator can subpoena a third party for pre-hearing discovery.

In the case at bar, respondents assert that the "special needs exception" applies. Specifically, respondents assert that Morris possesses unique and exclusive knowledge regarding the claims at issue in the arbitration proceeding and that they have no other way of obtaining this information except through pre-hearing discovery. Having carefully reviewed the parties' submissions, the Court finds that, assuming, without deciding, that the Tenth Circuit would recognize a "special needs exception," there does not appear to be any special need or hardship in this case. The Court further finds that respondents have not sufficiently demonstrated that the information they seek is otherwise unavailable as the FAA certainly authorizes the arbitrator in this case to issue a subpoena requiring Morris to testify at the arbitration hearing. Accordingly, the Court finds that the arbitrator was not authorized to subpoena Morris for deposition and that the subpoena at issue should be quashed.

Respondents also assert that requiring them to subpoena the Movants to appear at the arbitration hearing with the relevant documents would severely degrade the efficiency of the hearing and respondents' ability to digest the relevant evidence prior to the arbitration hearing. While some courts have held that "implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing," *In re Security Life Ins. Co. of Am.*, 228 F.3d 865, 870-71 (8th Cir. 2000); *see also Atmel Corp. v. LM Ericsson Telefon, AB*, 371 F. Supp. 2d 402, 403 (S.D.N.Y. 2005); *Meadows Indem. Co., Ltd. v. Nutmeg Ins. Co.*, 157 F.R.D. 42, 45 (M.D. Tenn. 1994), this Court, having reviewed the parties' submissions, finds that respondents likely have already received the majority of the documents they have subpoenaed from Morris through the extensive discovery they conducted with BOA and that the need to review the documents subject to the subpoena prior to the hearing is minimal, at best. Further, the category of documents requested through the subpoena at

issue is extremely broad – all documents which relate to the arbitration and the claims therein, including the Hicks promissory note. Respondents have not set forth any specific documents or category of documents which they contend Morris possesses which were not produced by BOA. The Court, accordingly, finds that Movants should not be required to produce the documents requested prior to any arbitration hearing.

Finally, respondents assert that Movants are intricately related to the parties involved in the arbitration proceeding and are not mere third parties and that the Movants, therefore, should be ordered to produce the requested documents and to give testimony prior to the arbitration hearing. Having carefully reviewed the parties' submissions, the Court finds that respondents have not shown that Movants, and particularly Morris, who is the subject of the subpoena at issue, are intricately related to the parties currently involved in the arbitration proceeding. The Court further finds that Morris is not a party to the Hicks promissory note or any other contracts at issue in the arbitration proceeding. The Court, therefore, finds that Movants should not be ordered to produce the requested documents or to give testimony prior to the arbitration hearing.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Movants' Motion to Quash Subpoena and for Protective Order [docket no. 1] and QUASHES the subpoena issued to Morris on January 6, 2006.

This order effectively terminates this action in this Court.

**IT IS SO ORDERED this 1st day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE